IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MAURICE BURGESS** | * | |
| *Petitioner* | * | |
| v | * | Civil Action No. RWT-12-33 |
| **KATHLEEN GREEN** | * | |
| *Respondent.* | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is Respondents' Answer asserting the above-captioned Petition for Writ of Habeas Corpus is untimely and/or unexhausted.[1]  *See* ECF No. 6.  Petitioner filed a Reply.  *See* ECF No. 7.  The court finds no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2010); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

## Background

Petitioner Maurice Burgess ("Burgess") challenges his 2005 conviction for possession of cocaine, distribution of cocaine, and distribution of cocaine within 1,000 feet of school property in the Circuit Court for Somerset County.  *See* ECF No. 1.  Burgess was convicted by a jury on April 21, 2005.  *See* Govt. Limited Response, Ex. 1, ECF No. 6-1; Govt. Limited Response, Ex. 2, ECF No. 6-2; Govt. Limited Response, Ex. 4, ECF No. 6-4.  He was sentenced to 20 years imprisonment as a second-time offender; ten years of the sentence was suspended.  *Id*.  For the charge of distribution of cocaine within 1,000 feet of school property, Burgess was sentenced to

---

[1] Respondents' Motion for Extension of Time (ECF No. 5) shall be granted *nunc pro tunc*.

ten years consecutive with all but five years suspended.  Burgess was also placed on three years of supervised probation.  *Id*.

Burgess filed a direct appeal with the Maryland Court of Special Appeals and raised two claims: the trial court erred for allowing a prior conviction for distribution of a controlled dangerous substance to be used as impeachment evidence and the trial court improperly sentenced Burgess as a subsequent offender.  *See* Govt. Limited Response, Ex. 2, ECF No. 6-2 at 2.  The Court of Special Appeals affirmed Burgess's conviction in an unreported decision dated September 25, 2007.  Govt. Limited Response, Ex. 4, ECF No. 6-4.  Burgess filed a petition for writ of certiorari seeking review of the decision regarding impeachment evidence, but the petition was denied by the Maryland Court of Appeals on December 17, 2007.  Govt. Limited Response, Ex. 5, ECF No. 6-5.  Burgess did not seek further review.  For purposes of federal habeas review, Burgess's conviction became final on March 17, 2008, when the time for seeking certiorari with the Supreme Court expired.  *See* Sup. Ct. Rule 13.1.

Burgess filed a petition for post-conviction relief on October 10, 2007.  Govt. Limited Response, Ex. 1, ECF No. 6-1 at 15.  He claimed the prosecution engaged in selective prosecution and suborned false evidence and testimony at trial; the State made improper comments during trial which denied Burgess a fair trial; substantial new evidence discovered after trial showed a State's witness intentionally lied; ineffective assistance of trial counsel for failing to respond to requests for information, failing to question a witness, failing to object and failing to call and interview witnesses prior to trial; ineffective assistance of counsel in failing to request jury instructions on favorable inferences; and ineffective assistance of counsel at sentencing.  *Id*. at 2.  A hearing was held on the petition on March 31, 2008, and relief was denied in a decision dated May 5, 2008.  *Id*.  Burgess did not file an application for leave to

appeal the denial of post-conviction relief, making post-conviction proceedings final on June 4, 2008, when the time for filing an application expired. *See* Md. Rule 8-204.

Burgess also filed a motion to reopen post-conviction proceedings on February 5, 2010, arguing that trial counsel failed to object to the State's cocaine analysis and the State failed to establish a complete chain of custody for admission for the controlled dangerous substance. Govt. Limited Response, Ex. 1, ECF No. 6-1 at 17; Govt. Limited Response, Ex. 7, ECF No. 6-7. On February 16, 2010, Burgess's request to reopen was denied and his application for leave to appeal the ruling was denied on July 6, 2011, with the mandate issuing on August 5, 2011. Govt. Limited Response, Ex. 8, ECF No. 6-8; Govt. Limited Response, Ex. 9, ECF No. 6-9. On May 16, 2011, Burgess filed a petition for writ of actual innocence which was dismissed for failure to state a claim on June 10, 2011. Govt. Limited Response, Ex. 1, ECF No. 6-1 at 18-19. No appellate review was sought for this ruling.

On October 7, 2011, Burgess filed another motion to reopen post-conviction proceedings claiming that a police officer testified falsely in open court that the drug transaction occurred within 1,000 feet of school property and that trial counsel did not adequately investigate the case. Govt. Limited Response, Ex. 10, ECF No. 6-10. The motion to reopen was denied on October 12, 2011. Another motion to reopen was filed on October 28, 2011, raising the same claims and it was denied on November 14, 2011. Govt. Limited Response, Ex. 11, ECF No. 6-11. Burgess did not seek appellate review of those orders.

In the petition filed in this court Burgess again claims that the drug transaction was falsely reported to have taken place within 1,000 feet of school property and that trial counsel was ineffective for not having investigated this fact prior to trial or challenging the state on the issue. *See* ECF No. 1. Burgess asserts that this claim is based on "new evidence" that he

3

obtained establishing the actual distance to be 1,115 feet from the school zone. *Id*. at 6.

## Standard of Review

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) *citing Harris* 209 F. 3d at 330. To be entitled to

equitable tolling, Petitioner in the instant case must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000).

## Analysis

Burgess's conviction was final on March 17, 2008. The federal habeas filing limitation period was stayed during the pendency of his post-conviction proceedings which were completed 49 days later on May 5, 2008. The deadline for Burgess to seek federal habeas relief was June 23, 2009. The instant petition was filed on January 4, 2012 and is untimely. ECF No. 1.

Burgess asserts in his Reply that he does not have adequate resources to either research the law himself or hire someone to present his claim for him. ECF No. 7. He further claims that the material facts of the claim were not adequately developed at the state hearing because the state never proved he was within 1,000 feet of a school zone. *Id*. Burgess asserts that he is being denied due process of law and that if trial counsel had properly prepared for trial by investigating the distances himself, the outcome of the trial would have been different. *Id*. Construed liberally Burgess's claim is that his petition is timely because it was filed within one year of the date that, with due diligence, he discovered the factual predicate of his claim. *See* 28 U.S.C. §2254(d)(1)(D). Additionally, the court will consider whether Burgess is entitled to an equitable tolling of the limitations period.

Burgess does not attempt to explain how he came to have in his possession "evidence" refuting the state's claim that the distribution of cocaine took place within 1,000 feet of a school zone. He presents to the court an aerial view map that he concludes refutes the state's claim that

he was within 1,000 feet of the school zone. *See* ECF No. 1 and 7. In his Motion to Reopen Post-Conviction Proceedings, Burgess alleged as follows:

> Sergeant Phillips testified in open court, that he calibrated a measurement device to be accurate . . . Sergeant Phillips said from the grass in front of the school to the sports bar was 925 feet  (T. pg. 115, line 14), Sergeant Phillips also presented a map that was not introduced into evidence. The map had a blue outline showing the school zone (T. pg. 116, line 24). Exhibit 1 is a map that I obtained from the Somerset County Department of Planning Zoning (sic). This map contradicts Sergeant Phillips entire testimony. This show (sic) Sergeant Phillips knowingly made false testimony to obtain a conviction. It also shows if Sergeant Phillips had obtain this map from one of the county offices it would had (sic) showed the location of the bar was not in the school zone. The location in which Sergeant Phillips measured from was actually 1, 295 feet. It's not possible to get an incorrect measurement of this magnitude. . . . The real measurement from the fence which is the end of the school property to the Stealing Home Sports Bar is 1,115 feet.

. Govt. Limited Response, Ex. 11, ECF No. 6-11 at 2-3. The aerial map attached, which is the same map attached to the petition filed in this court, shows Crisfield High School and has a Bank marked on it and two measurements, one at 645 feet and another at 700 feet. *Id*. at 10. There is no notation regarding the location of the bar ("Stealing Home") where the sale of cocaine took place. The evidentiary value of the map is negligible at best and does not establish, as Burgess would have it, that testimony provided at trial was in any way false. Additionally, the portion of the transcript Burgess attached to his motion indicates that the distance between the bar and the school property was a topic covered in cross-examination of Sgt. Phillips by trial counsel. *Id*. at 8 – 9. Thus the map obtained by Burgess is not new evidence and the issue regarding the distance was developed at trial. Even if the map could be considered new evidence, there is no evidence that Burgess exercised due diligence to discover it. Given that the distance from the school was an important issue which was in fact developed at trial, there is nothing to suggest

that Burgess was in any way prevented from obtaining the map until approximately six years after trial.

Burgess's petition may be considered if it appears he is entitled to an equitable tolling of the statute of limitations. "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003). In *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2554 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id.* at 2562. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in Harris, remains virtually unchanged after Holland.)

Burgess's assertion that he is incarcerated and does not have at his disposal legal research resources does not entitle him to equitable tolling because it does not constitute an extraordinary circumstance. "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F. 3d 507, 512 (4th Cir. 2004) *citing Cross-Bey v. Gammon*, 322 F. 3d 1012, 1015 (8th Cir. 2003). Burgess's claim is even less persuasive when the fact that all of his post-conviction petitions and motions were filed by him from his prison cell.

Finally, this court is also satisfied that the instant case is not one of those "rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to

enforce the limitation period against the party and gross injustice would result." *Rouse*, 339 F. 3d at 246.  Burgess's claim is not the smoking gun of exoneration he claims it to be and he has not been diligent in pursuing presentation of the claim in a timely manner.  Accordingly, the petition will be dismissed as untimely by separate Order which follows.  In addition, a Certificate of Appealability shall be denied. [2]


June 4, 2012                                                                              /s/
Date                                                                       ROGER W. TITUS
                                                                   UNITED STATES DISTRICT JUDGE

---

[2] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).